**SHAKED LAW GROUP, P.C.**
ATTORNEYS-AT-LAW
14 HARWOOD COURT, SUITE 415
SCARSDALE, NEW YORK 10583

_____

TEL.  (917) 373-9128
ShakedLawGroup@Gmail.com

September 20, 2023

<u>Via ECF</u>
Honorable Arun Subramanian
Judge, United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:    **Paradise Morgan v. Fleo LLC**
       **1:23-cv-5102-AS**
       <u>**Joint Letter**</u>

Dear Judge Subramanian,

    The parties in the above-referenced action respectfully submit this joint letter in accordance with Your Honor's Initial Pre-Trial Conference Order in advance of the Initial Conference scheduled on September 26, 2023 at 10:00 a.m.

**I.     <u>Brief Statement of the Nature of the Case</u>**

    **A.     Plaintiff's Position:**

    Plaintiff brings this action against Defendant for its failure to design, construct, maintain and operate its website, www.fleo.com, (the "Website") to be fully accessible to and independently usable by Plaintiff and other blind or visually-impaired persons.  Consequently, Defendants are denying blind and visually-impaired persons throughout the United States with equal access to the goods and services Defendants provide to its non-disabled customers through the Website.  Defendants' denial of full and equal access to its website, and therefore denial of its products and services offered is a violation of Plaintiff's rights under the Americans with Disabilities Act.

    Plaintiff attempted to browse and make purchases on Defendant's Website using a popular screen-reading software, but was unable to add any product to the shopping cart, unable to access any of the products available for sale, unable to utilize "skip to content," unable to access the Search link, unable to access the social media links, unable to access the shopping cart icon/link, unable to select the size of any product, unable to select the color of any product, and unable to purchase a gift card, amongst the many accessibility barriers encountered on the website. Consequently, Plaintiff and other blind persons are not able to complete a purchase on the Website. It is Defendant's policies and procedures to not offer Plaintiff and all other blind

and visually impaired users access to its website and its failure to remove access barriers to its website which disabled consumers could access with the use of special software programs designed for visually-impaired persons to view and access public websites. These access barriers have denied Plaintiff full and equal access to Defendant's website and the goods and services it provides to the public. As a result of Defendant's failure to comply with simple government guidelines, Defendant is engaging in the discrimination of others. Plaintiff seeks permanent injunctive and declaratory relief and other remedies, procedures and rights set forth under 42 U.S.C. § 12188 and the NYC Civil Rights Law including statutory, compensatory and punitive damages, pre and post judgment interest and reasonable costs and attorneys' fees in addition to such other relief this Court deems just and proper

Plaintiff alleges that Defendants violated Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12182, *et seq.*, N.Y. Exec. Law § 296, *et seq.*, and N.Y.C. Administrative Code § 8-107, *et seq.*, and the laws of New York.

### B. Defendant's Position:

Plaintiff did not intend to make a purchase from Defendant's website, as she is an admitted tester who has filed countless suits. There is no legal requirement to comply with the WCAG 2.0 AA guidelines, but Defendant's website, nonetheless, substantially complied with those guidelines. Defendant has an accessible alternate website which is an effective means to achieve compliance. Making the main website fully compliant would result in an undue administrative and financial burden and would fundamentally alter Defendant's business. See also Affirmative Defenses set forth in Defendant's August 25, 2023 Answer.

## II. Brief Statement Regarding Subject Matter Jurisdiction and Venue

### A. Plaintiff's Position:

This Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1331 and 42 U.S.C. § 12181, as the Plaintiff's claims arise under Title III of the ADA, 42 U.S.C. § 12181, et seq., and 28 U.S.C. § 1332. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over the Plaintiff's pendent claims under the New York State Human Rights Law, N.Y. Exec. Law, Article 15 (Executive Law § 290 *et seq.*) and the New York City Human Rights Law, N.Y.C. Administrative Code § 8-101 *et seq*.

Venue is proper in this district under 28 U.S.C. § 1391(b)(1) and (2) because the Plaintiff resides in this district, the defendant conducted and continues to conduct a substantial and significant amount of business in this district, the Defendant is subject to personal jurisdiction in this district, and a substantial portion of the conduct complained of herein occurred in this district.

### B. Defendant's Position:

Defendant does not, at this time, dispute that this Court has subject matter jurisdiction over this action or that venue is proper in this district. However, Defendant does not agree that § 1391(b)(1) applies, as Defendant does not reside in this district and Defendant also disputes that it conducts a substantial or significant amount of business in this district.

**III.	Deadlines, due dates, and/or cut-off dates**

None.

**IV.	Contemplated Motions**

**A.	Plaintiff's Position:**

There are no outstanding motions. Following the close of discovery, Plaintiff anticipates moving for summary judgment and Rule 23(a) and (b) class certification.

**B.	Defendant's Position:**

There are no outstanding motions.  It is currently unknown whether Defendant will file any future motions.

**V.	Discovery**

**A.	Plaintiff's Position:**

Aside from an initial expert report concluding that the site was in fact not compliant with WCAG 2.1 standards and not accessible by any standard, no other discovery has taken place. Plaintiff expects to need fact discovery on whether Defendant has made any efforts to make its website accessible since the filing of the lawsuit, and also as to how many similarly situated visually-impaired consumers attempted to frequent Defendant's website.  Regarding expert discovery, Plaintiff may offer an expert witness on ADA compliance.

**B.	Defendant's Position:**

Discovery will be needed regarding Plaintiff's alleged efforts to access Defendant's website, Plaintiff's alleged intent to return to the Website, whether Plaintiff made use of Defendant's accessible website, and Plaintiff's efforts as an admitted "tester."

**VI.	Settlement Discussions**

The parties have not had any settlement discussions.

**VII.	The Parties have Conferred and Would like a Referral for Settlement Conference**

This case has already been referred to mediation.  The parties are now in the process of scheduling the mediation.

**VIII.	Any Other Information the Parties Believe may be Helpful to the Court**

None at this time.

Respectfully submitted,

| | |
|---|---|
| SHAKED LAW GROUP, P.C. | OBERMAYER REBMANN MAXWELL & HIPPEL LLP |
| By: *s/Dan Shaked*<br>Dan Shaked, Esq.<br>14 Harwood Court, Suite 415<br>Scarsdale, NY 10583<br>Telephone: (917) 373-9128<br>Email: shakedlawgroup@gmail.com<br>*Attorneys for Plaintiff* | By: */s/Dove A.E. Burns*<br>Dove A.E. Burns, Esq.<br>60 E. 42nd St., 40th Floor<br>New York, New York 10165<br>Telephone: (917) 994-2550<br>Email: dove.burns@obermayer.com<br>*Attorneys for Defendant* |

4893-1280-2431 v2